UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY RASMUSSEN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 10 C 2344<br><br>Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Sherry Rasmussen filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On May 6, 2011, pursuant to sentence four of 42 U.S.C. 405(b), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. A supplemental hearing was held before the ALJ, and a fully favorable decision was entered on November 26, 2012. (Mot. ¶ 4). Plaintiff's Notice of Award, dated November 26, 2012, awarded $169,045 in past-due benefits, of which $42,261.25, or 25%, was withheld for attorney's fees. (*Id.*).

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security and is substituted for her predecessor, Michael J. Astrue, as the proper defendant in this action. Fed. R. Civ. P. 25(d)(1).

Plaintiff's counsel now files a motion seeking $36,261.25 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (Mot. 1). The Commissioner argues that the fees are unreasonable and the Court should decline to award the full amount. For the reasons set forth below, the Court grants the Motion.

**I. DISCUSSION**

**A. Background**

Counsel represented Plaintiff on her Social Security claim, both in administrative proceedings and in federal court, since October 2008. (Mot. ¶ 10). He agreed to represent Plaintiff in her Social Security proceedings in exchange for 25% of any past-due benefits awarded to her and her dependents by the Social Security Administration. (*Id.* Ex. B). Under the fee agreement, if Counsel was unable to achieve a favorable result for Plaintiff, he would receive no compensation. (*Id.*). Counsel documented 36.3 hours for work related to his representation of Plaintiff in federal court. (*Id.* Ex. C).

**B. Applicable Law**

The Social Security Act prescribes the "exclusive regime for obtaining fees for successful representation" of an individual claiming benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Fees for representation during the judicial review stage are treated discretely from those for representation in administrative proceedings. *Id.* at 794 ("[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court"). Fees charged by claimant's counsel must be reasonable and the combination of § 406(a) and § 406(b)

fees may not exceed 25% of claimant's past-due benefits.[2] 42 U.S.C. §§ 406(a)(2)(A)(ii)(I), 406(b). However, the Social Security Administration allows for a splitting of fees between the court representation pursuant to § 406(b) and the administrative representation pursuant to § 406(a). "If a Federal court in any proceeding under title II of the Act makes a judgment in favor of a claimant who was represented before the court by an attorney, and the court, under section 206(b) of the Act, allows to the attorney as part of its judgment a fee not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of the judgment, we may pay the attorney the amount of the fee out of, but not in addition to, the amount of the past-due benefits payable."[3] 20 C.F.R. § 404.1728.

The *Gisbrecht* Court noted that "Congress sought to protect claimants against 'inordinately large fees' but also to ensure that attorneys representing successful claimants would not risk 'nonpayment.'" 535 U.S. at 805. The Supreme Court also recognized that Congress accepted contingency fee agreements as an "effective means of ensuring claimant access to attorney representation." *Id.* To balance these goals, the Supreme Court held that courts must review § 406(b) petitions for reasonableness and the petitioning attorney "must show that the fee is reasonable for the services rendered." *Id.* at 807. The Supreme Court described a reasonableness review as "based on the character of the representation and the results the repre-

---

[2] The Act also provides that any attempt to collect fees in excess of those provided by § 406 would constitute a criminal offense. *Id.* § 406(a)(5), (b)(2).

[3] Here, Counsel is not requesting the full amount withheld, $42,261.25. (Mot. ¶ 6). Instead, because Counsel received $6,000 in § 406(a) fees representing Plaintiff at the administrative hearing, he seeks approval by this Court to charge Plaintiff fees in the amount of $36,261.25 ($42,261.25 minus the $6,000 already received). (*Id.*).

sentative achieved," and described three situations in which courts have appropriately reduced fees as unreasonable: (1) the "representation is substandard," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," and (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* at 808.

**C. Analysis**

The Commissioner contends that the Motion should be denied because Counsel did not provide the Court with his noncontingent hourly rate. (Resp. 2). In addition, the Commissioner calculates that for the 36.3 hours Counsel expended in litigating this case, his hourly rate amounts to approximately $998.93. (*Id.*). The Commissioner asserts that courts have found that an hourly rate of $742.50, significantly less than the rate sought in this case, represents a windfall. (*Id.*) (citing *Smith v. Astrue*, No. 1:05-CV-00202, 2009 WL 35223, at *3 (N.D. Ind. Jan. 5, 2009)). Accordingly, the Commissioner argues that this Court should look to the reasonableness of the requested fee, and if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." (*Id.* 3) (citing *Gisbrecht*, 535 U.S. at 808). The Court takes the Commissioner's arguments into consideration but finds that Counsel is entitled to his requested fees.

First, the Supreme Court did not *mandate* that counsel provide either the hours expended or a noncontingent hourly rate in order to assess reasonableness. *See Gisbrecht*, 533 U.S. at 808 ("[T]he court *may* require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of

the lawyer's normal hourly billing charge for non-contingent-fee cases.") (emphasis added). Moreover, because claimants do not have the resources to hire a representative on an hourly or fixed-fee basis, attorneys representing Social Security claimants generally rely on contingent-fee agreements. Therefore, the Court will not require Counsel to submit a standard hourly rate and accepts his hourly records (Mot. Ex. C), as sufficient to assess his fees for reasonableness.[4]

The Commissioner also contends that Counsel's effective hourly rate represents a windfall and should be reduced. (Resp. 2). The Court disagrees. Judges within the Northern District of Illinois have evaluated and approved Social Security fee requests resulting in an effective hourly rate similar to the $998.93 that Counsel requests. *See*, *e.g.*, *Anderson v. Astrue*, No. 08 CV 613, 2011 WL 379042, at *2 (N.D. Ill. Jan. 27, 2011) (approving 25% contingent fee where Commissioner objected on ground that award would amount to an effective rate of $982.91 per hour); *Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *3 (N.D. Ill. Oct. 4, 2012) (approving an hourly rate of $1,164.51). Moreover, because only 35% of disability appeals result in benefit awards, *see Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011), Coun-

---

[4] In his Reply, Counsel stated that his noncontingent rate is $280 per hour. (Reply 3). However, this rate applies only to occasional Social Security overpayment and continuing disability review cases, where the claimant is already receiving monthly benefits. (*Id.*). Because Social Security claimants generally cannot afford Counsel's hourly rate, all of his Social Security disability claims cases are handled on a contingency basis, with the attendant risk of non-payment. (*Id.*).

sel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case.[5]

The Court finds that Counsel's fee request is reasonable. The overall favorable result for the plaintiff is not out of proportion to the 36.3 total hours of work that counsel performed. Furthermore, the Commissioner does not contend and this Court does not find any evidence that Counsel's work was in any way substandard, or that he contributed to any delays in the proceedings. *See Gisbrecht*, 535 U.S. at 808.

**D. EAJA Award Will Be Refunded to Plaintiff**

A claimant's attorney is also eligible to request fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. While fee awards may be made under both § 406 and EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (citation omitted).

In October 2011, Counsel received EAJA fees in the amount of $6,226, which he has agreed to refund to Plaintiff. (Mot. ¶ 7).

---

[5] In addition, Counsel is not seeking his portion of the benefits payable to Plaintiff's children, which amounts to an additional $85,000 on top of the $170,000 that Plaintiff is already receiving. (Reply 2). Thus, combined fees paid for administrative work ($6,000) and fees requested for Court work amounts to only 17% of past-due benefits payable to Plaintiff on behalf of her and her children, not the full 25% to which Counsel would arguably be entitled. (*Id.* 3). When calculating the hourly rate on Counsel's potential portion of the approximate $255,000 of past due benefits, Counsel would have received $1,750 per hour, which is a considerably larger amount than he is requesting.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees [29] is GRANTED. The Court GRANTS Counsel's petition for § 406(b) fees in the amount of $36,261.25. The Commissioner shall pay $30,035.25 to Counsel, and release the balance, $6,226.00, to Plaintiff.

E N T E R:

Dated: August 26, 2013

MARY M. ROWLAND
United States Magistrate Judge